IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT GOTSCHALL, | CV 24-68-BLG-DWM |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSEN, WARDEN MONTANA STATE PRISON and AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Pending before the Court is petition for writ of habeas corpus relief filed by state pro se petitioner Robert Gotschall ("Gotschall") pursuant to 28 U.S.C. § 2254. (Doc. 1.) This Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).

I.   **Background**

In October of 2017, following entry of a guilty plea to Incest, Gotschall was sentenced in Montana's Sixteenth Judicial District, Custer County. Gotschall and the state entered into a binding plea agreement, however, the agreement was silent

1

as to parole eligibility and/or restriction. The district court sentenced Gotschall to the Montana State Prison for a period of 25 years, as contemplated by the agreement, but restricted Gotschall's parole eligibility for the entire term of the sentence. Gotschall appealed. The Montana Supreme Court reversed and remanded, finding the district court erred in not allowing Gotschall the opportunity to withdraw his plea upon informing the parties of its intent to impose the parole restriction. *State v. Gotschall*, 2020 MT 13N ¶¶ 3-6, 10, 445 P. 3d 837 (Table), 339 Mont. 550.

On November 30, 2020, the district court held a sentencing hearing following Gotschall's completion of an updated psychosexual evaluation. On December 21, 2020, written judgment was entered. The district court re-sentenced Gotschall to an unsuspended term of 25 years at Montana State Prison, recommended completion of Phases I and II of sex offender treatment during his incarceration, and credited Gotschall with 1,337 days for time served. *See generally*, Judg. (Doc. 1-1 at 6-12.)

On May 10, 2024, Gotschall filed a motion with the Montana Supreme Court seeking dismissal of his conviction. The filing was construed as a petition for writ of habeas corpus. *See Gotschall v. Salmonsen*, OP 24-0296, at *1 (Mont. May 29, 2024).[1] There Gotschall argued that in September of 2016 the State of

---

[1] A copy of this decision is attached as an exhibit to Gotschall's § 2254 petition.

2

Minnesota relieved him of all sexual offender registration requirements. Accordingly, he argued his designation as a "Tier 3 predator" by the State of Montana was unlawful. *Id.* He also argued that the State did a poor job of investigating and prosecuting him and the Minnesota information was known while still electing to prosecute him for Incest. *Id.* The Montana Supreme Court denied relief. It found the district court did not impose a sex offender level designation upon Gotschall and specifically noted that his crime of conviction was "not a sexual offense as contemplated by the legislature." *Id.* at *2. Thus, the issues raised by Gotschall were moot, and he failed to demonstrate that his incarceration was illegal. *Id.*

In the instant petition, Gotschall argues that the State did not perform a thorough criminal investigation and he again points out that Minnesota released him from all "registration and tier level designation" in 2016. (Doc. 1 at 4.) Gotschall believes the State violated his due process rights under the Fourteenth Amendment. (*Id.* at 6.) He asks that he be released from prison as a result of these violations. (*Id.* at 7.)

II.   **Analysis**

As a preliminary matter, it appears that the claims contained in Gotschall's petition are untimely. Generally, Courts will not hear such claims, unless a

---

*See* (Doc. 1-1 at 1-1.)

3

petitioner can excuse his non-compliance. But a federal court is empowered to bypass a procedural issue in the interest of judicial economy when the claim clearly fails on the merits. *See Flournoy v. Small*, 681 F. 3d 1000, 1004, n.1 (9th Cir. 2012); *see also Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2001); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (noting that, in the interest of judicial economy, courts may proceed to the merits in the face of procedural issues). As explained herein, Gotschall fails to state a claim upon which relief may be granted. His petition is therefore denied.

As set forth above, the Montana Supreme Court denied Gotschall habeas relief, finding that his claims were moot. His judgment of conviction did not require him to register as a sexual offender, nor did it impose a tier level designation upon him. *See Gotschall*, OP 24-0296 at *2. The plain language of the written judgment supports the Montana Supreme Court's decision. There the district court noted:

> As this is not a sexual offense contemplated by the legislature, the Court is prohibited from requiring a sex offender level-designation or requiring sex-offender registration. However, based on the testimony of Michael Sullivan, M.S.W., the Court concludes a sufficient nexus to sex offender treatment exists. Therefore, this Court recommends the Defendant not be released from custody of the Montana State Prison until successful completion of Phases I & II of sex offender treatment. This is only a recommendation, not a parole restriction as contemplated by 46-18-207(3) MCA.

(Doc. 1-1 at 8.)

4

To the extent that Gotschall believes the Montana Supreme Court misinterpreted and/or misapplied state law, the claim is not cognizable. The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Gotschall has not demonstrated that the Montana Supreme Court erred. But even if he could do so, the claim does not warrant relief. A violation of state law, without more, does not deprive a petitioner of a federal constitutional right. *Cooks v. Spalding*, 660 F. 2d 738, 739 (9th Cir. 1981), *cert. denied*, 455 U.S 1026 (1982). It has long been understood that a state may violate its own law without violating the United States Constitution. *Gryger v. Burke*, 334 U.S. 728, 731 (1948) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question."). To qualify for federal habeas relief, an error of state law must be "sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment." *See Pully v. Harris*, 465 U.S. 37, 41 (1984). Gotschall has not shown that any state

5

law violation occurred, much less that such error was "so arbitrary and fundamentally unfair" that it violated his right to due process or equal protection. *See Jammal v. Van de Kamp*, 926 F. 2d 918, 920 (9th Cir. 1991) (quotation omitted).

As a result of his Incest conviction, Gotschall has not been required to register on Montana's Sexual or Violent Offender Registry, nor did his conviction carry a Tier Level Designation. Moreover, while Gotschall may disagree with the district court's recommendation that he complete sexual offender treatment during his incarceration, he has not shown the sentence itself is unlawful. Gotschall cannot convert this state law issue into one of federal import merely by invoking the specter of a due process violation. *See Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996), *cert. denied* 522 U.S. 881 (1997). Gotschall's claims are not cognizable; the petition is denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

6

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Gotschall's claims are not cognizable and lack merit, reasonable jurists would find no basis to encourage further proceedings at this juncture. There are no close questions and there is no reason to encourage additional proceedings in this Court. A certificate of appealability is denied.

Based on the foregoing, IT IS ORDERED that:

1. Gotschall's Petition (Doc. 1) is DENIED and DISMISSED with prejudice.

2. The Clerk of Court is directed to enter judgment by separate document in favor of Respondents.

3. A certificate of appealability is DENIED.

DATED this 17th day of July, 2024.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court