IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT GOTSCHALL, | CV 24-68-BLG-DWM |
| Petitioner, | ORDER |
| vs. | |
| JIM SALMONSEN, WARDEN MONTANA STATE PRISON; AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Robert Gotschall, a state prisoner proceeding pro se, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) The petition was screened, as required by 28 U.S.C. § 1915(a). The matter was then dismissed due to Gotschall raising claims found to be legally frivolous and based upon his failure to state a basis upon which relief may be granted. *See generally*, (Doc. 7); *see also*, 28 U.S.C. § 1915A(b)(1), (2).

Specifically, it was found that Gotschall was not presently required to register as a sexual offender, nor was a tier level designation imposed upon him, accordingly, any challenge regarding the imposition of these conditions was moot, as found by the Montana Supreme Court. (Doc. 7 at 4)(*citing Gotschall v. Salmonsen*, OP 24-0296, Ord. at *2 (Mont. May 29, 2024). Further, Gotschall was

1

advised that federal habeas relief does not lie for an alleged error in interpretation or application of state law. (Doc. 7 at 5)(additional citations omitted). Accordingly, Gotschall was unable to demonstrate a deprivation of a federal constitutional violation, as required by Section 2254. Finally, Gotschall failed to establish a violation of his right to due process. (*Id*. at 5-6.) Gotschall's claims were determined to be non-cognizable; the petition was denied and dismissed. (*Id*. at 6-7.) A certificate of appealability was also denied. (*Id*.) Gotschall then filed a motion to alter the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 9.)

     Rule 59(e) provides a mechanism by which a trial judge may alter, amend, or vacate a judgment. *See Foman v. Davis*, 371 U.S. 178 (1962). Under Rule 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F. 3d 1253, 1255 n. 1 (9th Cir. 1999)(en banc)(per curiam)(internal quotation marks omitted)." "A rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. (citation and quotation marks omitted). A litigant may not use Rule 59(e) "to

relitigate old matters or to raise arguments…that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008).

The showing required under Rule 59(e) is difficult to meet. Such a motion requires "a substantive change of mind" by the Court. *Miller v. Transamerican Press, Inc.*, 709 F. 2d 524, 527 (9th Cir. 1983). Under Rule 59(e), it is appropriate to alter or amend a previous ruling if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F. 3d 772, 780 (9th Cir. 2009)(citation omitted); *see also 389 Orange Street Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999); *McDowell*, 197 F. 3d at 1255. The requirement of such a showing is a "high hurdle." *Weeks v. Bayer*, 246 F. 3d 1231, 1236 (9th Cir. 2001).

Gotschall has not met the high bar to warrant alteration or amendment in the present matter. Gotschall largely repeats complaints and claims, some of which are purely speculative in nature, that he previously presented. He also relies upon the "*Chevron* Doctrine" to assert that his public defender, the undersigned, the police officer who initially investigated his criminal case, the Clerk of this court and court employees, all lacked the authority to interpret state statues in

conjunction with his criminal matter.  (Doc. 9 at 2-6.)  Gotschall seems to assert that only the state trial court judge and he are authorized to engage in state statutory interpretation. (*Id*. at 4.)  Gotschall also believes that the Americans with Disabilities Act and his right to be free from double jeopardy have both been violated.  (*Id*. at 5.)  Finally, Gotschall places blame on his adult daughter, for knowingly consenting to engaging in sexual intercourse with him, and suggests that he was wrongfully charged with Incest.  (*Id*. at 3-4, 7.)

      Although he does not explain the legal basis for his "*Chevron* Doctrine" argument, it is presumed that Gotschall is relying upon *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (June 28, 2024), in support of his argument.  In *Loper Bright* the Court expanded the authority of courts to review ambiguity in statutory directives to agencies.  *See generally, Loper Bright*, 144 S. Ct. at 2254.  The Supreme Court struck down "*Chevron* deference," which had required courts to defer to an agency's reasonable interpretation of an ambiguous statutes.  144 S. Ct. 2244.  Moreover, in *Loper Bright*, the Court was concerned with agency interpretations which were challenged under the Administrative Procedure Act ("APA").  *Id*.  Gotschall has provided no authority that would suggest *Loper Bright* is applicable to a state actor, such as his public defender or a police officer.  Moreover, it is unclear how he believes this case applies to the acts undertaken by the undersigned in denying him habeas relief or to administerial acts performed

Tyler Gilman, the Clerk of Court, or his staff. Finally, there is no ambiguous statute at issue nor is there a challenge advanced under the APA. At most, Gotschall has expressed a personal disagreement with Montana law, but fails to identify an issue of federal constitutional import. His reliance upon and argument relative to *Loper Bright* is meritless.

Gotschall has not presented newly discovered evidence, nor has he demonstrated that there has been a recent change in controlling law that would support his position under Rule 59(e). Put another way, nothing Gotschall presents in his motion gives the Court pause or has caused a "substantive change of mind" relative to the prior order. *McDowell*, 197 F. 3d at 1255.

While Gotschall disagrees with this Court's ruling, such disagreement does not demonstrate clear error or that the Court's ruling was manifestly unjust. *Id*. Rule 59(e) is not a vehicle for unsuccessful claims to be considered anew and Gotschall has not provided one of the permissible grounds to support his motion. Accordingly, this Court declines to alter or amend its previous ruling.

Gotschall's motion to alter or amend the judgment (Doc. 9) is DENIED.

DATED this 12th day of November, 2024.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court

5